# N. Y. SUPERIOR COURT.

## ANNA HORN agt. MATTHEW T. BRENNAN, Sheriff, &c.

A judge at special term has no power to make a waiver of a material issue in the pleadings a *condition* of opening a default and inquest taken at the trial term. Such an order is appealable as involving a substantial right.

*General Term, December,* 1873.

*Present, Chief Justice* BARBOUR, *Justices* CURTIS *and* VAN VORST.

AN inquest was taken in Part I for the sum of $5,000, in April, 1873.

On motion made before judge SEDGWICK at special term in May, 1873, to open the default and set aside the inquest, the defendant was allowed to come in and defend upon the issue raised in the pleadings as to the value and quantity of the plaintiff's chattels alleged to have been seized and sold on the execution against William Horn, the plaintiff's husband, but the issue of title in the husband to the chattels was excluded from the answer. The opening of the inquest and setting aside the default, was made conditional upon the withdrawal from the answer by defendant of all allegations of the plaintiff's want of title to the chattels, &c. From this conditional order reducing the issues to an assessment of damages the defendant, the sheriff, appealed and made a motion to stay plaintiff's proceedings pending appeal, and also for a commission.

MONELL, *J.*—The defendant may have an order that a commission issue, as asked for in the order to show cause, but without a stay of proceedings. It is evident that any testimony taken under the commission can be made available only upon a reversal of the order opening the default, and

therefore until the condition reducing the issues to a mere assessment of damages is removed no testimony to be taken under the commission can be used.

The pending appeal from the order containing the condition, will waive the question both of its appealability and of the power of the court to make such a condition, and I think there is sufficient in the nature of the order appealed from to bring it within the question affecting a substantial right, and therefore making it appealable. At least I cannot say the question is free from doubt, whether the condition was unauthorized is a question to be disposed of on the appeal, and is fairly raised by the appeal (*Allen* agt. *Maper*, 20 *Wed. R.*, 633).

There must be a stay pending the appeal to the general term.

T. C. CRONIN & A. GOODWIN, *for appellant.*

E. LAUDERBACH & H. MORRISSON, *for respondent*, claimed that the order was not an appealable one, and that the condition in the order was in the power of the judge at special term to make.

Mr. chief justice BARBOUR delivered the opinion of the court orally, and *held*,

*First.* That, as the order of the judge at special term denied the right of trial by jury of the issue made by the pleadings as to the plaintiff's title to the chattels, it denied a substantial right and the order was an appealable one.

*Second.* That the judge, at special term, had not the power to make a waiver of a material issue in the pleadings a condition of opening a default and inquest taken at the trial term. That the power was confined to the question of costs and proceedings in the case if, in the opinion of the judge at special term, the default was excused.

*Third.* That the order of the judge at special term is reversed and the case restored to the calendar for trial, upon all the issues, on payment of plaintiff's costs up to the time of inquest.